# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CIT BANK, N.A.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-10767 C/W 18-1004** |
| **HOWARD TRANSPORTATION, INC. ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Reconsider (Doc. 68). For the following reasons, the Motion is **DENIED**.

A motion to reconsider an interlocutory order is governed by Federal Rule of Civil Procedure 54(b).[1] "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[2] Rule 54(b), however, does not give the Court unlimited

---

[1] FED. R. CIV. P. 54(b) (noting that a district court may revise at any time prior to final judgment "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"). *See* McClendon v. United States, 892 F.3d 775, 781 (5th Cir. 2018).

[2] Austin v. Kroger Texas, L.P., 864 F.3d 326, 336 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

1

power to consider new arguments.[3] "Any position is supportable by boundless arguments," but "[j]udicial economy counsels against reconsidering an issue each time someone presents a new argument."[4] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[5]

In its Motion to Reconsider, Plaintiff asks the Court to reconsider its Order and Reasons (the "Order") dated March 18, 2019 (Doc. 66). In the Order, the Court found that certain language in the parties' contract was ambiguous. The Court further found that to interpret the language as Plaintiff argued would lead to absurd consequences. In the instant Motion, Plaintiff tries again to convince the Court that the language is clear and unambiguous and that to interpret it in favor of Plaintiff would not lead to absurd consequences. Plaintiffs simply disagrees with this Court's order. Relief is not warranted.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 24th day of July, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[3] Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp., 259 F.Supp.2d 471, 480 (M.D. La. 2002).
[4] *Id.* at 481.
[5] Hightower v. Group 1 Automotive, Inc., 2016 WL 3430569, at *3 (E.D. La. June 22, 2016).