UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CIT BANK, N.A.**                                CIVIL ACTION

**VERSUS**                                        NO: 17-10767 C/W 18-1004

**HOWARD TRANSPORTATION,
INC. ET AL.**                                     SECTION: "H"

## ORDER AND REASONS

Before the Court is Plaintiff's Second Motion for Partial Summary Judgment (Doc. 128). For the following reasons, the Motion is DENIED.

## BACKGROUND

This consolidated action arises out of two lease agreements for tractor trailer-trucks. Only the first is at issue in this motion. In the first, Hibernia National Bank (later acquired by Plaintiff CIT Bank, N.A. ("CIT")) entered into a lease with Defendant Howard Transportation, Inc. ("HT") of 50 Western Star tractor trucks (the "HT Lease" or "Lease"). Defendant Howard Industries, Inc. ("HI") guaranteed HT's indebtedness. Under the terms of the HT Lease, HT made 49 monthly lease payments, and the agreement terminated on January

15, 2017. The HT Lease stated that HT must provide secure storage for the trucks for 90 days after the expiration of the Lease at a location satisfactory to CIT.[1] Accordingly, HT was required to store the trucks only until April 15, 2017. It is undisputed that CIT designated 107 Nehi Street, Ellisville, Mississippi—a property owned by HT—as the delivery location for the trucks subject to the Lease (the "Delivery Location"). It is also undisputed that the trucks were returned to that location prior to the termination of the HT Lease. CIT did not, however, take possession of the trucks until November 22 through 30, 2017.

CIT brings breach of contract claims against HT and HI (collectively, "Howard"), arguing that they failed to return the trucks in the condition required by the HT Lease. Howard brings counterclaims against CIT for breach of contract and trespass for CIT's failure to remove the trucks from its property pursuant to the terms of the Lease.

In deciding earlier motions for partial summary judgment, this Court held that Howard is entitled to summary judgment that CIT breached its obligation to timely remove the trucks from HT's facility. It also held that there is a material issue of fact as to whether CIT had the requisite intent to trespass or whether Howard consented to the storage of the trucks on its property after the termination of the Leases thereby rendering summary judgment inappropriate on Howard's trespass claim.

CIT now brings a second motion for partial summary judgment seeking dismissal of Howard's breach of contract and trespass claims as to the trucks leased pursuant to the HT Lease.

---

[1] Doc. 83-1.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the

---

[2] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[4] Coleman v. Hous. Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[5] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[7] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

necessary facts."[8]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

CIT argues that Howard cannot succeed on either its breach of contract or trespass claims because it cannot show damages. Specifically, it argues that Howard did not incur any actual costs by storing the trucks at its facility. This Court will consider each claim in turn.

### A. Breach of Contract

"[P]roof of damages is an essential element to a breach of contract claim."[10] "The party bringing suit has the burden of proving any damage suffered by it as a result of a breach of contract."[11]  Under Louisiana law, breach of contract "[d]amages are measured by the loss sustained by the obligee and the profit of which he has been deprived."[12]

Howard argues that its damages are the costs of the services it provided to CIT during the time it stored the trucks on its property. It argues that it incurred damages for the storage, preservation, maintenance, upkeep, and occasional starting of the trucks. Howard has calculated these damages at $150 per day per truck. Howard argues that this figure is the average cost of truck

---

[8] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[9] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[10] Sanga v. Perdomo, 167 So. 3d 818, 822 (La. App. 5 Cir. 2014).

[11] Payphone Connection Plus, Inc. v. Wagners Chef, LLC, 276 So. 3d 589, 597 (La. App. 4 Cir. 2019).

[12] LA. CIV. CODE art. 1995.

4

storage services on the market, plus the cost of the maintenance and upkeep services it provided.

CIT primarily complains that Howard has not shown that it incurred any actual costs in storing CIT's trucks on its property. CIT cites to no law, however, stating that only actual costs are recoverable as breach of contract damages. Indeed, in *ScenicLand Construction Co., LLC v. St. Francis Medical Center Inc.*, the Louisiana Second Circuit Court of Appeal affirmed an award of breach of contract damages using a damages model similar to the one that Howard sets forth here.[13] In *ScenicLand Construction*, the plaintiff-contractor and defendant-hospital entered into a contract for the renovation of 223 patient rooms.[14] The hospital breached the contract after just 90 rooms had been completed.[15] The contractor sought breach of contract damages, including damages for storing materials purchased for the project that were never used.[16] The trial court awarded $10,000 in storage damages.[17] In considering this award, the appellate court held:

> As to the storage costs of $10,000 awarded by the trial court for Scenicland's storage of St. Francis materials and equipment, St. Francis argues that no award should be made because Scenicland failed to prove any costs on this issue.
> Harold, St. Francis' manager of plant operations and maintenance who visited the Scenicland warehouse, testified that it would take between five and eight 12 x 10 mini-warehouses to house the St. Francis materials in Scenicland's possession. Based on his personal experience, Harold testified that these mini-warehouses cost $30 per month. By our calculations, storage in

---

[13] 936 So. 2d 247, 254 (La. App. 2 Cir. 2006).
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*

5

>eight such mini-warehouse from November 2002, when St. Francis announced its intention to not honor the rest of the room renovation contract, to the date of trial in April 2005, would cost $7,200. We find that the award of $10,000 was an abuse of the trial court's discretion and amend the judgment to allow $7,200 in special damages for Scenicland's storage of property belonging to St. Francis.[18]

Accordingly, the court awarded damages for storage of property without a showing of actual costs. Rather, it reached a damages award by estimating what it would have cost on the market to store the materials. CIT's argument that Howard must show actual costs for storing its trucks to create a material issue of fact as to breach of contract damages fails.

Next, CIT argues that it cannot be liable for storage costs because the Lease did not provide for such. Louisiana law is clear, however, that an obligor that breaches a contract in good faith is liable for "the damages that were foreseeable at the time the contract was made."[19] It was certainly foreseeable that if CIT failed to retrieve its trucks from the Delivery Location on HT's property, HT would have to continue storing them there.

Finally, CIT sets forth a series of conclusory criticisms of Howard's damages calculation, such as that it is too high and that it fails to take into account times when the trucks were stored elsewhere for repair. These are arguments best left to the trier of fact. Accordingly, CIT's motion is denied as to the breach of contract claim.

---

[18] *Id.*
[19] LA. CIV. CODE art. 1996.

### B. Trespass

CIT next argues that Howard cannot show damages to succeed on its claim for trespass. "In an action for trespass, the plaintiff must show damages based on the result or the consequences of an injury flowing from the act of trespass."[20] Howard again contends that it suffered damages in the form of the value of the services it provided to Defendant for the storage and maintenance of the trucks. CIT argues that Howard cannot show trespass damages where there was no injury, actual costs, or lost profits. CIT does not, however, point to any case limiting trespass damages in that way. Accordingly, CIT has failed to show that it is entitled to summary judgment on Howard's trespass claim.

### CONCLUSION

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana this 8th day of June, 2020.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[20] Lacombe v. Carter, 975 So. 2d 687, 690 (La. App. 3 Cir. 2008).